CENTRAL VICTORIA, LTD., DEMANDANTE Y APELADA, *v.* PÉREZ, COMISIONADO MUNICIPAL DE CAROLINA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en procedimiento de *injunction.*

No. 2507.—Resuelto en abril 28, 1922.

CONTRIBUCIONES MUNICIPALES—ORDENANZAS MUNICIPALES—RECURSOS CONTRA LA VALIDEZ DE LAS ORDENANZAS MUNICIPALES.—Para probar la validez en general de una ordenanza municipal el recurso adecuado es el de *certiorari.*
ID. — CONTRIBUCIÓN SOBRE ELABORACIÓN DE AZÚCAR; QUIÉN DEBE PAGARLA. —

*Prima facie* es el fabricante de azúcar y no el colono quien debe pagar una contribución impuesta por ordenanza municipal que provee el cobro de cierta suma por cada quintal de azúcar que se elabore en la municipalidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. B. Soto.*

Abogados de la apelada: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Asamblea Municipal de Carolina aprobó una ordenanza por la cual imponía una contribución de diez centavos sobre cada quintal de azúcar elaborado en la municipalidad. La corte inferior declaró nula dicha ordenanza por varios fundamentos. El apelante ha archivado una asignación de errores pero indebidamente en dicha asignación bosqueja también su razonamiento. La reseña del razonamiento podría aparecer en un índice al alegato, o al principio de la discusión de cada error, pero los señalamientos de error no deben contener otra cosa que no sean los errores en forma absoluta.

El primer señalamiento de error es que la ordenanza es anticonstitucional por contravenir la sección 3 de la Ley Orgánica. Hemos discutido esta cuestión con muchos detalles en el caso de *Fantauzzi* v. *La Asamblea Municipal, ante,* (pág. 423) y usado libremente el alegato del abogado de la apelante.

El segundo señalamiento de error se refiere a la alegada falta de uniformidad. También hemos discutido esto en el caso de *Fantauzzi, supra,* y resuelto que un arbitrio como el anterior no es nulo por este motivo.

El tercer señalamiento envuelve la cuestión de si este impuesto ya ha estado cubierto por alguna contribución insular. También discutimos este punto en el caso de *Fantauzzi, supra.* Alega además el apelante que la facultad para imponer un derecho de patente fué conferida a las municipalidades, pero que no hubo ninguna demostración de que en

este caso la municipalidad había ejercitado el poder.    El ape-
lante en verdad da a entender que dicha asamblea no había
ejercitado la facultad.    No deja de tener fuerza el razona-
miento del apelante, pero preferimos fundar nuestra decisión
en los rasgos más generales del caso de Fantauzzi.

El cuarto señalamiento de error trata de la naturaleza del
impuesto, o sea si es o no una contribución sobre la propie-
dad y por tanto doble, o está prohibida.

Que ésta debe considerarse como una contribución sobre
el proceso de la manufactura y no una contribución a la pro-
piedad como tal es materia de nuestra discusión en el caso
de *Fantauzzi* v. *La Asamblea Municipal, supra.*    Según allí
se indica aun cuando la contribución se imponga a los artícu-
los manufacturados como tales, se supone que la contribu-
ción se fija a la ocupación, manufactura o negocio, y no a la
propiedad.    *Patton* v. *Brady,* 184 U. S. 608; *Stratton's In-
dependence* v. *Howbert,* 231 U. S. 399, 414, y casos citados.

En su quinto señalamiento de error discute el apelante
la alegada irrazonabilidad de la ordenanza.    La corte infe-
rior da a entender que la ordenanza sería confiscatoria pero
no se trató de acreditar tal cosa.    No estamos satisfechos
con el razonamiento de la corte en cuanto a esto.    Dice la
corte: ''Diez centavos por cada quintal de azúcar, ya los
pague el fabricante, ya el colono, es un impuesto arbitrario
creado sin parar mientes en los costos de la producción.    Es
de conocimiento público que los jornales de los trabajadores
de caña de azúcar en Puerto Rico en el breve tiempo de dos
años aumentaron desde setenta y cinco y ochenta centavos
hasta dos dólares cincuenta centavos y tres dólares diarios,
volviendo a reducirse nuevamente a un dólar veinticinco cen-
tavos y a un dólar cincuenta centavos.    Un impuesto fijo de
diez centavos por quintal, sin tener tales variaciones en
cuenta y la ya mencionada fluctuación en los precios a que
se vende el artículo gravado, resulta no sólo arbitrario y
opresivo, sí que también confiscatorio y destructor de la in-

dustria; y no podemos ignorar el hecho de que por lo menos una tercera parte de la población de Puerto Rico depende, para su subsistencia, de la producción azucarera.'' Las cortes no pueden anticipar las variaciones en el mercado de azúcar y el demandante, como hemos indicado tendría que probar que el tipo era opresivo o excesivo, o hasta confiscatorio.

El sexto señalamiento de error alegado se refiere al punto de si el *injunction* es el remedio adecuado en un caso de esta índole. La corte inferior parece estar dispuesta a admitir que generalmente no procedería el *injunction* para revisar una ordenanza municipal, pero sostiene que procede el *injunction* cuando la ordenanza es anticonstitucional. La Ley Municipal de 1919, leyes de ese año página 722, tal vez deja la cuestión algo en duda si bien el artículo 65 (*b*) expresamente autorizaría el *injunction* sólo cuando la ordenanza lesionaba derechos garantizados por la Constitución, pero no para probar la validez en general. Tal derecho parece concederse mediante *certiorari* de acuerdo con el artículo 65 (*a*). Nos inclinamos al parecer de que no procede el *injunction* especialmente porque según parece lo prohiben las leyes de *injunction* de 1906. De todos modos como hemos resuelto que la ordenanza era constitucional el auto no procedería.

Además, la corte inferior expresa en su opinión que la ordenanza no es clara por cuanto no determina quién debe pagar la contribución, si es el colono o el dueño de la factoría. Pero dice la ordenanza que se cobrarán diez centavos por cada quintal de azúcar elaborado, y resolvemos que *prima facie* es el fabricante quien debe pagar la contribución.

No encontrando razón alguna por la que deba declararse anticonstitucional o nula esta ordenanza, el auto en este caso no procedía, debiendo revocarse la sentencia apelada y desestimarse la demanda, sin costas.

*Revocada la sentencia apelada y anulado el*

*auto, desestimándose la demanda, sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.